UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cr-112

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **MONEY JUDGMENT AND** |
| v. | ) | **PRELIMINARY ORDER** |
| | ) | **OF FORFEITURE** |
| ERIKA RANKIN HOLLAND | ) | |

**THIS MATTER** is before the Court on the Government's Consent Motion for Money Judgment and Preliminary Order of Forfeiture.

**THIS COURT FINDS AS FOLLOWS:**

1. In the Bill of Indictment (Doc. 1) in this case, the Grand Jury charged Defendant with violations of 18 U.S.C. §§ 1349 (health care fraud conspiracy) and 1957 (money laundering). The Indictment also provided notice that a $1,490,000 money judgment and a list of specific properties were subject to forfeiture pursuant to 18 U.S.C. §§ 982 and 981, and 28 U.S.C. § 2461(c).

2. Defendant pled guilty via Plea Agreement to the 18 U.S.C. § 1349 health care fraud conspiracy and a substantive 18 U.S.C. § 1957 offense set forth in the Indictment (Docs. 18, 20). Defendant also consented in the Plea Agreement to the applicability of the forfeiture laws, including the substitute property provisions set forth in 21 U.S.C. § 853, agreed that she had a possessory or legal interest in each item of specific property listed in the Indictment, and agreed to forfeiture of the properties identified in the Indictment, including the money judgment and specific properties identified in this Order.

3. The Government attached to its Motion for Money Judgment and Preliminary Order of Forfeiture an Affidavit setting forth the circumstances of the purchases of the specific

properties identified in this Order. Additionally, the Indictment details such purchases and describes the amount of proceeds obtained as a result of the health care fraud conspiracy. Based on the Plea Agreement, plea of guilty, facts to which Defendant admitted in the Indictment, and Affidavit attached to the Government's Motion, the record supports a finding by this Court that the money judgment and specific properties identified herein are subject to forfeiture as proceeds of health care fraud conspiracy, property involved in money laundering, and/or substitute properties.

4. For purposes of Fed. R. Crim. P. 32.2 and based on the Indictment, plea of guilty, Motion for Money Judgment and Preliminary Order of Forfeiture, and Affidavit, the Government has established the amount of money judgment and the requisite nexus between the properties identified herein and offenses.

**IT IS THEREFORE ORDERED** that, based upon 18 U.S.C. § 982(a)(7), this Order shall constitute a money judgment for the following property that constitutes proceeds of the 18 U.S.C. § 1349 health care fraud conspiracy set forth in Count One to which Defendant pled guilty:

> All currency and monetary instruments which constitute or are derived from proceeds obtained directly or indirectly as a result of the health care fraud conspiracy, including $1,490,000 in proceeds.

In addition, based upon 18 U.S.C. § 982(a)(7), this Order shall constitute a preliminary order of forfeiture for the following property that constitutes proceeds of the 18 U.S.C. § 1349 health care fraud conspiracy set forth in Count One to which Defendant pled guilty:

> Approximately $22,993.02 seized from Wachovia Bank Account XXXXXXXX1597, such account held in the name of Faithful Shephard's Home Care LLC;

> Approximately $48,377.42 seized from Wachovia Bank Account XXXXXXXXX7248, such account held in the name of Erika Rankin Holland;
>
> One 2007 Infiniti QX56, VIN 5N3AA08C37N804955;
>
> One 2007 BMW 750LI, VIN WBAHN835X7DT75498; and
>
> One 2003 H2 Hummer, VIN 5GRGN23U13H126656.

In addition, based upon 18 U.S.C. § 982(a)(1) and (a)(7), this Order shall constitute a preliminary order of forfeiture for the following property that constitutes both proceeds of the 18 U.S.C. § 1349 health care fraud conspiracy set forth in Count One to which Defendant pled guilty and property involved in the 18 U.S.C. § 1957 money laundering transaction set forth in Count Four to which Defendant pled guilty:

> The real property at 212 Clauser Road South, Mount Holly NC 28120, more particularly described in a deed recorded at Gaston County Register of Deeds Book 4521, Page 316.

Lastly, based upon the Motion and Affidavit and the stipulations of the parties as reflected in the Plea Agreement, the Government has satisfied the provisions 21 U.S.C. § 853(p)(1) and, therefore, the following property is subject to forfeiture based on 21 U.S.C. § 853(p)(2) and 18 U.S.C. § 982(b)(1):

> One 2007 Mini Cooper, VIN WMWMF33557TT56698.

The United States Secret Service and/or other property custodian for the investigative agency is authorized to seize and maintain possession of all specifically identified properties herein. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of this forfeiture. Any person, other than the Defendant, asserting any legal interest in the property may, within

thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Signed: November 23, 2011

Robert J. Conrad, Jr.
Chief United States District Judge